**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**2927764 CANADA, INC., d/b/a:  Western Harvest Gardens,**

      **Plaintiff,**

**HARVEST FRESH INTERNATIONAL, INC., TOM CURTIS BROKERAGE, INC., and A. DUDA & SONS, INC.,**

      **Intervenor Plaintiffs,**

**WADA FARMS MARKETING GROUP, LLC d/b/a WADA FARMS POTATOES, INC.,**

      **Intervenor Plaintiff,**

**and**

**MAS & FILS JARDINIERS, LTEE.,**

      **Consolidated Plaintiff,**

**-vs-**                     **LEAD CASE**
                      **Case No.  6:04-cv-1587-Orl-22DAB**

**DEW DROP FARMS, L.L.C., and MICHAEL P. HUSKA,**

      **Defendants.**

_____

**ORDER**

   This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **INTERVENING PLAINTIFFS' MOTION TO COMPEL DEFENDANT TO SIGN AUTHORIZATION AND CONSENT TO RELEASE RECORDS AND EXTEND DISCOVERY DEADLINE (Doc. No. 83)**
>
> **FILED:** July 27, 2005
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**. The discovery deadline is reset to August 31, 2005.

Intervening Plaintiffs brought suit under the federal Perishable Agricultural Commodities Act (PACA) for payments allegedly due from Defendants Dew Drop Farms, L.L.C. and Michael P. Huska for perishable agricultural products. Intervening Plaintiffs sold roughly $186,000 worth of wholesale quantities of produce to Defendant Dew Drop Farms, a dealer; Defendant Michael P. Huska is the managing member of Dew Drop Farms who controlled the day to day operations. *See* Doc. No. 77. Dew Drop Farms has not paid for any of this produce and has failed to maintain sufficient trust assets to fully satisfy all qualified PACA trust claims. *Id*.

Intervening Plaintiffs contend that Defendant Huska breached his duty to maintain PACA trust assets when he used those monies to pay for, among other things, gambling at various casinos. On June 7, 2005, they served a subpoena duces tecum on The Venetian Resort Hotel Casino in Las Vegas, Nevada, seeking documents related to wire transfers from Dew Drop Farms' bank account, relating to gambling and charges incurred by Michael or Christine Huska. Doc. No. 83, Ex. A. The Venetian objected to producing the records without either Huska's signed consent or a court order compelling the production. In response, Intervening Plaintiffs sought Huska's consent and he refused.

Intervening Plaintiffs now seek an order compelling Huska to sign an authorization and consent to release the records of the four casinos and a credit card company alleged to be the recipients of the PACA trust funds. Defendant Huska opposes being required to sign a release

because the records are in possession of a third party and he contends that Intervening Plaintiffs rely on the wrong procedural rule for relief, the subpoena for The Venetian is overbroad[1], and the suggested consent form is beyond the scope of the records sought in the subpoena served on The Venetian.

Contrary to Huska's argument, the Intervening Plaintiffs rely on the correct rule, Federal Rule of Civil Procedure 34, which allows a party to "serve on any other party a request to produce and permit the party making the request, or someone acting on the requestor's behalf, to inspect and copy, any designated documents . . . which are in the possession, custody, or control of the party upon whom the request is served." FED. R. CIV. P. 34(a). Many courts have applied Rule 34 to hold that a party is "in control" of records about them that can be released by an authorization. *See, e.g.*, *Lischka v. Tidewater Services, Inc.*, 1997 WL 27066, *1 (E.D.La. Jan. 22, 1997) and numerous cases cited therein. Huska contends that because the records sought are for his purchases at a casino – rather than in the nature of medical, tax, or social security records sought in most other cases – he should not be compelled to authorize their release. Regardless of whether the records are medical or financial in nature, they are within Huska's control to release to Intervening Plaintiffs. Huska's other argument, that the release was not sought in the form of an interrogatory or request for production is equally unavailing; counsel for Intervening Plaintiffs requested Huska's release on July 14, 2005. *See* Doc. No. 83, Ex. A.

The scope of discovery allowed under Rule 34 is provided for in Federal Rule of Civil Procedure 26(b)(1). Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.

[1]Intervening Plaintiffs are not seeking to enforce the subpoena on The Venetian in this Court; therefore, Huska's arguments regarding the subpoena are not applicable.

. . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. Pro. 26(b)(1). Intervening Plaintiffs allege that four casinos and a credit card company were the recipients of the PACA trust funds that Huska dissipated in spite of his fiduciary duty to maintain them for the benefit of all Plaintiffs. *See* Doc. No. 70 at 12-14; Ex. B. The documents sought are relevant to these claims and Huska fails to make any argument to the contrary.

Pursuant to Federal Rule of Civil Procedure 37(a), it is **ORDERED** that Plaintiff provide a **signed and notarized authorization** for the release of records by the following entities alleged to be the recipients[2] of the PACA trust funds: The Venetian Resort Hotel and Casino; American Express TRS Company, Inc.; Harrah's Entertainment, Inc.; Adamar of New Jersey (Tropicana Casino and Resort); Caesar's Atlantic City Casino c/o Caesar's Entertainment, consistent with Exhibit D of Doc. No 83, **within 5 days of the date of this ORDER**.

**DONE** and **ORDERED** in Orlando, Florida on August 16, 2005.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

---

[2] *See* Doc. No. 70 at 12-14; Ex. B.