**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**2927764 CANADA, INC., d/b/a:  Western Harvest Gardens,**

                  **Plaintiff,**

**HARVEST FRESH INTERNATIONAL, INC., TOM CURTIS BROKERAGE, INC., and A. DUDA & SONS, INC.,**

                  **Intervenor Plaintiffs,**

**WADA FARMS MARKETING GROUP, LLC d/b/a WADA FARMS POTATOES, INC.,**

                  **Intervenor Plaintiff,**

**and**

**MAS & FILS JARDINIERS, LTEE.,**

                  **Consolidated Plaintiff,**

**-vs-**                                                  **LEAD CASE
Case No.  6:04-cv-1587-Orl-22DAB**

**DEW DROP FARMS, L.L.C., and MICHAEL P. HUSKA,**

                  **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:    MOTION TO APPORTION JUDGMENT (Doc. No. 158)**
>
> **FILED:        April 26, 2007**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** without prejudice.

Plaintiff 2927764 CANADA, INC., d/b/a Western Harvest Gardens ("Western Harvest") brought suit under the federal Perishable Agricultural Commodities Act (PACA) for payments allegedly due from Defendants Dew Drop Farms, L.L.C. and Michael P. Huska for perishable agricultural products. Intervening Plaintiffs Harvest Fresh International, Inc., A. Duda & Sons, Inc. and Mart Produce Corporation[1] intervened on April 26, 2005 with similar claims for produce they sold to Defendants. Doc. No. 77. Consolidated Plaintiff Mas & Fils Jardiniers, Ltee. ("Mas & Fils") filed suit with similar allegations against Dew Drop under PACA in Case No. 6:04cv1808-22DAB and the two cases were consolidated on February 9, 2005. Doc. No. 60.

All three sets of Plaintiffs (collectively "Plaintiffs") sought partial summary judgment on their claims under the Perishable Agricultural Commodities Act against Dew Drop Farms and Michael P. Huska, a principal of Dew Drop Farms, for failing to maintain trust assets by which to repay Plaintiffs. Doc. No. 94, 95, 98. This Court recommended the motions be denied and, on December 23, 2005, District Judge Conway denied the Motions for Summary Judgment, on determining that there were material issues of fact concerning the value of the produce received by Defendants from Western Harvest, and the remaining issues presented in the case would be best resolved at a brief bench trial which was set for February 2006. Doc. Nos. 128, 135. Before the case went to trial, and following

---

[1] Mart Produce Corporation was added as a Plaintiff, with consent of the parties, on April 26, 2005. Doc. No. 77 at 1 n.1.

a settlement conference in front of the Court, the parties agreed to a stipulated judgment, thereafter entered by the Clerk on direction of Judge Conway, providing that Plaintiffs recover of the Defendants Dew Drop Farms and Michael Huska, jointly and severally, the sum of $557,000 ("the Stipulated Judgment"). Doc. Nos. 153, 154. Judgment was entered by the Clerk on February 14, 2007. Doc. No. 155.

Intervening Plaintiff Wada Farms Marketing Group, LLC, d/b/a Wada Farms Potatoes, Inc. ("Wada Farms") now moves[2] to apportion the Stipulated Judgment. Doc. No. 158. Plaintiff seeks to execute upon the Consent Judgment to satisfy its pro-rata share – 17.14% or $99,079.16 – of the Stipulated Judgment. Wada Farms contends that apportioning the Stipulated Judgment would permit it to "efficiently execute upon its pro-rata share" of the Stipulated Judgment without affecting the rights of the other creditors in this case. Wada Farms contends to date it has received $7,541.60 being 17.14% of the Defendant's total payments to partially satisfy the Stipulated Judgment, with the remaining amount owed of $93,352.73. Doc. No. 158.

Defendants are opposed to apportioning the judgment. They argue that the Stipulated Judgment is clear from the transcript of the settlement conference that "Plaintiffs agree that they will forebear from taking any action to enforce that judgment other than having it in the records of this Court provided defendants make payment as follows." Defendants contend that even moving to apportion the judgment violates the term contemplated in the settlement agreement made on the record in this Court on February 13, 2007.

As reflected in the transcript of the settlement conference, the parties agreed that a judgment would be entered for $577,000 with the plaintiffs agreeing that they will forebear from taking any

---

[2]There was no memorandum of law or citation to authority contained in the motion. *See* Local Rule 3.01.

action to enforce the judgment other than having it in the records of this Court provided Defendants make payments. Doc. No. 157 (Transcript filed separately) at 21-22.

It is respectfully **RECOMMENDED** that the Motion to Apportion be **DENIED** as premature, in that, unless and until Defendants default on the scheduled payments, which Wada Farms does not contend has happened, the judgment cannot be executed upon. In the event apportionment for individual PACA Plaintiffs is reasserted, Wada Farms should be required to submit a memorandum in support of its assertions and a full Local Rule 3.01(g) conference with counsel with each Plaintiff and Defendants.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 13, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy